# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-00089-CR-RK |
| | ) |
| FRANK M WOODS, | ) |
| | ) |
| Defendant. | ) |

## ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

Before the Court is Defendant's Motion for New Trial. (Doc. 88.) After careful consideration and for the reasons below, the motion is **DENIED**.

### Background

Defendant was charged with one count of unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1.) Following a jury trial held on January 15 and 16, 2019, a jury found Defendant guilty of this offense. (Doc. 71, Verdict.) On June 21, 2019, the Supreme Court of the United States handed down *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019), which held "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." On April 7, 2020, Defendant sought leave to file the present motion for new trial in light of *Rehaif*. (Doc. 81.) The Government did not oppose the motion for leave, which has been granted (*see* Docs. 86, 87), but it does oppose the motion for new trial now before the Court. (Doc. 86.)

### Discussion

"Upon the defendant's motion, the [C]ourt may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A district court must exercise its authority under Rule 33 "sparingly and with caution." *United States v. McClellon*, 578 F.3d 846, 857 (8th Cir. 2009). In order to grant a new trial, a district court must find that the evidence weighs "so heavily against the verdict that a miscarriage of justice may have occurred." *Id.* (internal quotation marks omitted). "Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a); *see also* 3B Fed. Prac. & Proc.

Crim. § 851 (4th ed. 2013) (stating that, although the plain error standard of Rule 52 is normally invoked by appellate courts, it is "controlling when a trial court is passing on a post-trial motion").

Under pre-*Rehaif* case law, § 922(g)(1) required the Government to prove three elements: "(1) previous conviction of a crime punishable by a term of imprisonment exceeding one year, (2) knowing possession of a firearm, and (3) the firearm was in or affecting interstate commerce." *United States v. Coleman*, ___ F.3d ___, No. 19-2068, 2020 WL 3039057, at *1 (8th Cir. June 8, 2020) (quotation marks and citation omitted). In this case, the Court instructed the jury under that rubric during Defendant's trial. (*See* Doc. 74 at 27 (Instruction No. 21, verdict-directing instruction).) The Supreme Court then handed down *Rehaif*, which held that the Government must also prove in a § 922(g) prosecution that "the defendant 'knew he belonged to the relevant category of persons barred from possessing a firearm.'" *United States v. Welch*, 951 F.3d 901, 907 (8th Cir. 2020) (quoting *Rehaif*, 139 S. Ct. at 2200).

Although the Government did not introduce evidence that Defendant knew he had been convicted of a crime punishable by a term of imprisonment exceeding one year, any error in failing to do so was harmless. *Welch* is instructive. The defendant in *Welch* stipulated to being a felon prohibited from gun possession, but the Government never proved that he knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year. *Id.* The Eighth Circuit held that the alleged error did not affect the defendant's substantial rights because he had "received and served several prison sentences longer than one year for felony convictions." *Id.*

Like the defendant in *Welch*, Defendant here also stipulated that he had been convicted of a crime punishable by imprisonment for more than one year, and the presentence investigation report prepared in this case shows that he had received and served several prison sentences longer than one year prior to the time of possession. Defendant did not call this issue into question at trial, and it is apparent such an argument would have been futile. As for Defendant's argument that the alleged errors are structural in nature and not susceptible to a harmless-error analysis, the Eighth Circuit rejected this argument in *Coleman*, 2020 WL 3039057, at *1-4.

Because the alleged *Rehaif* errors would not have affected Defendant's substantial rights, his motion for new trial (Doc. 88) is **DENIED**.

**IT IS SO ORDERED.**

                                         s/ Roseann A. Ketchmark
                                         ROSEANN A. KETCHMARK, JUDGE
DATED: June 16, 2020              UNITED STATES DISTRICT COURT